## Case No. 15,649.

### UNITED STATES v. LYNN.

[2 Cranch, C. C. 309.] [1]

Circuit Court, District of Columbia. May Term, 1822.

WITNESS—PRIVILEGE—INCRIMINATING TESTIMONY —SECONDARY EVIDENCE.

1. A witness is not bound to answer a question, if it shall appear to the court that the answer would have a probable tendency to criminate the witness.

2. The contents of a written paper cannot be proved by parol, unless the paper be lost or destroyed.

The defendant [Adam Lynn] was indicted for sending a challenge to James McGuire to fight a duel. James McGuire, who stood indicted for accepting the challenge, was produced as a witness for the United States, and was asked whether such a written challenge is in existence.

Mr. Hewitt and Mr. Taylor, for the witness, objected, that the answer might tend directly to prove a fact necessary to convict Mr. McGuire.

Mr. Swann, for the United States, mentioned the Case of Kearney, at the last term in Washington [7 Wheat. (20 U. S.) 39], when a majority of this court determined that a similar question must be answered by the witness. The chief justice of the United States, in Burr's Case [Case No. 14,692e], went too far in saying that the witness was not bound to answer the question, if the answer might tend to prove a fact which would be a necessary link in the chain of evidence to support a prosecution against the witness.

Mr. Taylor, in reply. There is a difference between Kearney's Case [supra] and this. There, Kearney was not indicted for being concerned in the duel; and the court did not know whether he was present as a party, or only as an accidental witness.

THE COURT (THRUSTON, Circuit Judge, absent) said, that as there is a prosecution against the witness for accepting the challenge and as the existence of the challenge would be a material fact in the evidence against him upon the trial, and as he stated that he could not answer the question without implicating himself, he was not bound to answer.

MORSELL, Circuit Judge, stated his opinion to be, that as in the present case there was a prosecution against the witness for accepting the challenge, the witness was not bound to answer the question, if he had in fact accepted the challenge, (which he himself best knew,) because it appeared to the court that the answer would have a probable tendency to criminate the witness.

Evidence having been given that the challenge, if any, was in writing, and in the possession of a witness residing in Washington, THE COURT refused to permit parol evidence to be given of its contents, and refused to adjourn the jury over, to give the United States time to send for that witness. Verdict for the defendant.

---

## Case No. 15,650.

### UNITED STATES v. LYON.

[See Case No. 8,646.]

---

## Case No. 15,651.

### UNITED STATES v. LYON et al.

[2 McLean, 249.] [1]

Circuit Court, D. Michigan. Oct. Term, 1840.

PRACTICE—JUDGMENT ON MOTION—SURETIES.

The act of March 3, 1797 [1 Stat. 512], which provides that judgment shall be given at the return term against debtors of the United States, on motion, is limited to cases in which the principal debtor is a party to the action.

[This was an action, on a bond, by the United States against Lucius Lyon and others.]

The District Attorney, for the United States. Mr. Frazer, for defendants.

OPINION OF THE COURT. This action is brought on an official bond, signed by the defendants as the surety of ———, receiver of public moneys. The receiver is deceased, and, being a defaulter, his account was regularly certified from the proper department of the government, together with a certified copy of his bond; and the writ being returnable to the last term of this court, a motion was made for judgment, under the act of congress. The motion was continued to the present term, and it is now renewed.

The continuance of the motion can not change the principles on which it must be decided. It must now stand as it stood when first made at the return term of the writ; and the question for consideration is, whether the plaintiff is entitled to judgment. It is insisted that the act of congress, of the 3d of March, 1797, provides for judgment, on motion, unless the defendant shall, in open court, make oath that he is equitably entitled to credits which had been, previous to the commencement of the suit, submitted to the consideration of the accounting officers of the treasury, and rejected, specifying each particular claim so rejected, in the affidavit; and that he can not then come safely to trial. These are the words of the statute, and, if they apply to the case under consideration, the judgment must be entered, as no affidavit has been made by either of the defendants. The principal in the bond, being dead, is not a party to the suit, and it is contended that the above provision can apply only to the principal. To this it is answered, that there